**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **VISTO CORPORATION,**<br><br>        Plaintiff,<br><br>vs.<br><br>**SEVEN NETWORKS, INC.,**<br><br>        Defendant. | **Civil Action No.: 2-03CV-333-TJW**<br><br>**Before: Hon. T. John Ward** |

**BRIEF ON CORROBORATION OF AND FOUNDATION REQUIREMENTS FOR DEMONSTRATIVE PRIOR ART EXHIBIT**

Plaintiff, Visto Corporation ("Visto"), files this Brief on Corroboration And Foundation Requirements for Demonstrative Prior Art Exhibits and would show the Court as follows:

**I.   Oral Testimony of Prior Art Must Be Corroborated**

Uncorroborated oral testimony of prior use cannot, as a matter of law, invalidate a patent claim.  For over 120 years, the United States Supreme Court and Federal Circuit have required documentary evidence corroborating testimony used to invalidate a patent:

> Starting with the Supreme Court's decision in *The Barbed Wire Patent Case*, and ending with our recent decision in *Union Carbide v. Shell Oil Co.*, courts have consistently required documentary corroboration of oral testimony by interested parties presented to invalidate a patent.  For example, in *Union Carbide* we held "uncorroborated oral testimony by interested parties is ***insufficient as a matter of law*** to establish invalidity of [a] patent."

*Lacks Indus. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1350 (Fed. Cir. 2003) (emphasis added) (citing *The Barbed Wire Patent Case*, 143 U.S. 275 (1882); *Union Carbide v. Shell Oil Co.*, 308 F.3d 1167, 1189 (Fed. Cir. 2002)).

The Supreme Court created the corroboration requirement in 1882 because of the ease with which interested witnesses can claim similar discoveries predate a patented invention:

> The very fact . . . that almost every important patent, from the cotton gin of Whitney to the one under consideration, has been attacked by the testimony of witnesses who imagined they had made similar discoveries long before the patentee had claimed to have invented his device, has tended to throw a certain amount of discredit upon all that class of evidence, and to demand that it be subjected to the closest scrutiny.

*The Barbed Wire Patent Case*, 143 U.S. 275, 284-285 (1882).

In *Woodland Trust v. Flowertree Nursery*, 148 F.3d 1368 (Fed. Cir. 1998), the Federal Circuit found that the "ubiquitous paper trail of virtually all commercial activity" in modern times confirms the Supreme Court's rationale: "It is rare indeed that some physical record (e.g., a written document such as notes, letters, invoices, notebooks, or a sketch or drawing or photograph showing the device, a model, or some other contemporaneous record) does not exist." *Id.* at 1367. Nor is repetition of uncorroborated testimony sufficient. For example, in *Juicy Whip v. Orange Bang*, 292 F.3d 728 (Fed. Cir. 2002), the oral testimony of six witnesses uncorroborated by documentary evidence was insufficient as a matter of law to support a jury's finding of anticipation. *Id.* at 742.

If Seven does not present corroborating evidence to support its oral testimony as to the architecture of the alleged prior art systems, then Seven cannot meet its burden as a matter of law.

## II. The Proponent of a Demonstrative Exhibit Must Establish It is A Fair And Accurate Representation of the Actual Device.

In order to be admissible, demonstrative exhibits must be fair and accurate representations. *Nichols Construction Corp. v. Cessna Aircraft Co.*, 808 F.2d 340, 353 (5th Cir. 1985).

*Nichols Construction Corp. v. Cessna Aircraft Co.*, 808 F.2d 340 (5th Cir. 1985), affirmed the exclusion of a valve with a broken ring as demonstrative evidence because the proponent could not show that the valve or ring were the same kind used in a crashed airplane. *Id.* at 353.  In *United States v. Walema*, 1999 WL 728510 (9th Cir. 1999), the Ninth Circuit affirmed the district court's decision to exclude demonstrative evidence of a thin broom handle because no evidence showed that the broom handle fairly and accurately represented the broom handle in question.  *Id.* at *1-2.

Seven must show that its prior art system is a fair and accurate representation of a system that existed in 1995-1996.  The nature and issues of this case require the court to evaluate not only the appearance and physical layout of Seven's system, but the software and technological configuration as well.  If Seven cannot show that its demonstrative system fairly and accurately represents the technology, hardware, software, and the configurations thereof, of a system configured in 1995-1996, then its demonstrative evidence should be excluded.

Dated: April 25, 2006                                Respectfully submitted,

    /s/ Sam Baxter
Sam Baxter, Lead Attorney
TX State Bar No. 01938000
MCKOOL SMITH, P.C.
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Fax: (903) 927-2622
sbaxter@mckoolsmith.com
Of Counsel:
Ronald S. Katz
CA State Bar No. 085713
MANATT, PHELPS & PHILLIPS LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone:  (650) 812-1300
Fax: (650) 213-0260
rkatz@manatt.com

ATTORNEYS FOR PLAINTIFF
Visto Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon counsel of record pursuant to Federal and Local Rules via electronic and hand delivery on April 25, 2006.

    /s/ Sam F. Baxter

| | |
|---|---|
| James Valentine | S. Calvin Capshaw III |
| Howrey Simon Arnold and White | Brown McCarroll, LLP |
| 301 Ravenswood Drive | 1227 Judson Road, Suite 220 |
| Menlo Park, CA  94025-3434 | Longview, TX  75601-5157 |
| 650-463-8240 Tel | 903-236-9800 Tel |
| 650-463-8400 Fax | 903-236-8787 Fax |